## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) | |
| **Plaintiff,** ) ) | **CIVIL ACTION NO.** |
| **v.** ) ) | **1:19-cv-02989-MHC-CMS** |
| **GENERAL BOARD OF GLOBAL MINISTRIES OF THE UNITED METHODIST CHURCH (INC.) d/b/a GLOBAL MINISTRIES,** ) ) ) ) ) | |
| **Defendant.** ) ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Charging Party Ivy Couch ("Couch") was terminated by Defendant General Board of Global Ministries of the United Methodist Church (Inc.) d/b/a Global Ministries ("Defendant") in retaliation for complaining of unlawful employment practices, in violation of Title VII.

The Commission and Defendant hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before the Court.

Defendant denies all allegations, and both Parties agree that this Consent Decree shall not serve as an admission or evidence that Defendant violated any laws. Nonetheless, the Parties advise this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the Parties as provided in paragraphs 1 through 16 below.

It is therefore DECREED as follows:

1.      Defendant shall not unlawfully discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

2.      Defendant shall pay Couch the sum of fifty thousand dollars ($50,000.00) in settlement of the claims raised in this action. Defendant shall make

payment by issuing a check payable to Couch.  Payment shall be made within fifteen (15) calendar days after the Court approves this Consent Decree, and Defendant shall mail the check to Couch at an address provided by the Commission.  Within twenty (20) calendar days of the entry of this Consent Decree by the Court, Defendant shall send to the Commission a copy of the check and proof of its delivery to Couch. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Couch may or may not incur on such payments under local, state, and/or federal law.

3.      Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the personnel file of Couch any and all documents, entries, or references of any kind relating to the filing of EEOC Charge Number 410-2018-06321 and the related events that occurred thereafter, including this litigation.  Within fifteen (15) business days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

4.      Defendant will provide Couch with a letter of reference. Within ten (10) business days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Couch at an address provided by the Commission. Couch is free to disseminate the letter to potential employers. In the event that Couch desires an employment reference, Couch agrees to direct any such

3

reference request to Kerri Broussard.  Defendant agrees that, in response to any reference request properly direct to Ms. Broussard, Ms. Broussard shall provide only the dates of Couch's employment, the position she held, and her salary.

5.      Defendant has in place an anti-discrimination and anti-retaliation policy,  that it shall maintain throughout the term of this decree.  A copy of the policy is attached hereto as Exhibit A. During the term of this Consent Decree, Defendant shall redistribute its anti-discrimination and anti-retaliation policy to all employees working in Georgia within thirty (30) days of the entry of this Consent Decree by the Court and shall review it with new employees hired to work in Georgia at the time of hire.

6.      During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 5 above in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within thirty (30) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

7.      Within 90 days of entry of this Consent Decree, Defendant shall provide an annual training program that all of its managers and supervisors are required to attend. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against

4

retaliating against employees who exercise their federally protected rights to complain about discrimination or to participate in the investigation of a complaint of discrimination. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees, supervisors, and managers under the policy.

At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda.  Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8.      Beginning within ten (10) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within fifteen (15) days after entry of this Consent Decree,

Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

A. the identities of all individuals who have reported any incidents of retaliation in violation of Title VII during the period covered by that report, including each person's name, address, telephone number, and position;

B. for each individual identified in 10.A above, explain what actions were taken by Defendant in response to the individual's report;

C. for each individual identified in 10.A above, an explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

D. for each individual whose employment status has changed as identified in 10.B above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 10.A within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

6

10.    The Commission may review compliance with this Consent Decree.  As part of such review, with appropriate advance notice, the Commission may inspect Defendant's facilities, interview employees, and may examine documents.

11.    If at any time during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter, the Parties shall then have a period of ten (10) business days, or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12.    The term of this Consent Decree shall be for eighteen (18) months from its entry by the Court.

13.    All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Martin Heller at mheller@fisherphillips.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) business days of the change.

14.    All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) <u>EEOC-ATDO-decree-monitoring@eeoc.gov</u>; or (2) by regular mail to:

> Antonette Sewell, Regional Attorney
> Equal Employment Opportunity Commission
> Sam Nunn Atlanta Federal Center
> 100 Alabama Street, SW
> Suite 4R30
> Atlanta, Georgia 30303

15.    Each party shall bear its own costs and attorney's fees.

16.    This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

2/4/2020
Date

Mark H. Cohen

Judge, U.S. District Court
Northern District of Georgia

8

The Parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

/s/ *Robyn M. Flegal*
Robyn M. Flegal, Esq.
Trial Attorney
Georgia Bar No. 599572
Equal Employment Opportunity
Commission
Atlanta District Office
100 Alabama Street, S.W.
Suite 4R30
Atlanta, Georgia 30303
E: robyn.flegal@eeoc.gov
T: (404) 562-6882

/s/ *Martin B. Heller*
Martin B. Heller
Georgia Bar No. 360538
mheller@fisherphillips.com
C. Crystal Enekwa
Georgia Bar No. 221688
cenekwa@fisherphillips.com

**FISHER & PHILLIPS LLP**

1075 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30309
T: (404) 231-1400
F: (404) 240-4249

**Counsel for Defendant**